IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM CHARLES COOPER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2468 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## ORDER ON DISMISSAL

William Charles Cooper, a state inmate proceeding *pro se* and requesting leave to proceed *in forma pauperis*, files this section 2254 petition challenging his 2003 conviction for burglary of a habitation. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed, as follows.

*Background and Claims*

Petitioner was convicted of burglary of a habitation under cause number 923335 in Harris County, Texas, on June 6, 2003, and sentenced to forty-five years incarceration. He raises various challenges to that conviction in the instant petition. A review of this Court's records reveals that petitioner unsuccessfully challenged this same conviction in *Cooper v. Quarterman*, C.A. H-06-1862 (S.D. Tex. 2007). Petitioner does not state, and public court records do not show, that the Fifth Circuit Court of Appeals has authorized him to file a successive habeas challenge to the conviction.

*Analysis*

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(b) provides in relevant part:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

 (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

 (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Although Congress did not define the phrase "second or successive" as used in sections 2244(b)(1) and (2), it is well settled that the phrase does not simply refer to all section 2254 applications filed second or successively in time. *Magwood v. Patterson*, __U.S. __, 2010 WL 2518374, *8 (2010). The Supreme Court has recognized several exceptions to the provision. *See Panetti v. Quarterman,* 551 U.S. 930, 947 (2007) (creating an exception to section 2244(b) for a second application raising a claim that would have been

unripe had the petitioner presented it in his first application); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998) (treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first application as premature); *Slack v. McDaniel*, 529 U.S. 473, 478, 487 (2000) (declining to apply section 2244(b) to a second application where the district court dismissed the first application for lack of exhaustion).

No exceptions to section 2244(b) are alleged or shown in the instant case. A careful review of petitioner's pending and prior federal habeas petitions shows that this case is subject to dismissal as an unauthorized successive habeas petition pursuant to section 2244(b).

*Conclusion*

For these reasons, habeas relief is DENIED and this petition is DISMISSED WITHOUT PREJUDICE as successive. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on July 14, 2010.

_____
Gray H. Miller
United States District Judge

3